**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SMART LOCK, LLC,<br><br>    Plaintiff,<br><br>      v.<br><br>SPECTRUM BRANDS, INC. f/k/a/<br>KWIKSET CORPORATION;<br>SPECTRUM BRANDS HOLDINGS, INC.;<br>and UNIKEY TECHNOLOGIES, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 2:16-cv-691<br><br>ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Smart Lock, LLC ("Smart Lock") files this original complaint against the above-named defendants, alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1.      Smart Lock is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Tyler, Texas.

2.      Defendant Spectrum Brands, Inc. f/k/a Kwikset Corporation ("Kwikset") is a corporation organized under the laws of Delaware with a place of business in Lake Forest, CA. It can be served through its resident agent for service of process in Delaware: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

3.      Kwikset Corporation was merged into Spectrum Brands, Inc. in December 2014, and is no longer in existence.

4.      Defendant Spectrum Brands Holdings, Inc. ("Spectrum") is a corporation organized under the laws of Delaware with a place of business in Middleton, WI.  It can be

served through its resident agent for service of process in Delaware: Corporation Service

Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

     5.     Kwikset is part of the Hardware and Home Improvement (HHI) division of

Spectrum.

     6.     Defendant UniKey Technologies, Inc. ("UniKey") is a corporation organized

under the laws of Florida with a place of business in Winter Park, FL.  It can be served through

its resident agent for service of process in Florida: Phil Dumas, 1417 Lake Highland Dr.,

Orlando, FL 32803.

     7.     Kwikset, Spectrum, and UniKey are collectively referred to herein as

"Defendants."

## JURISDICTION AND VENUE

     8.     This is an action for infringement of a United States patent arising under 35

U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the

action under 28 U.S.C. §§ 1331 and 1338(a).

     9.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Defendants

have transacted business in this district and have committed acts of patent infringement in this

district.

     10.     Defendants are subject to this Court's specific and general personal jurisdiction

under due process and/or the Texas Long Arm Statute due at least to Defendants' substantial

business in this forum, including: (i) at least a portion of the infringements alleged herein; and

(ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or

deriving substantial revenue from goods and services provided to individuals in Texas and in this

district.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,012,503

11.     On March 14, 2006, United States Patent No. 7,012,503 ("the 503 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Electronic Key Device a System and a Method of Managing Electronic Key Information."

12.     Smart Lock is the owner of the 503 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 503 patent against infringers, and to collect damages for all relevant times.

13.     The 503 patent generally covers systems and methods for controlling access to a location using an electronic key device which has the ability to store and transmit user-editable access codes to a corresponding lock control unit, which in turn operates a lock mechanism.

14.     Defendants, without authority from Smart Lock, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale access-control systems and other products which use electronic key devices to store and transmit user-editable access codes to a corresponding lock control unit, which in turn operates a lock mechanism (the "accused products").  These acts constitute direct infringement (literally and/or under the doctrine of equivalents) under 35 U.S.C. § 271(a).  Defendants' direct infringement is ongoing.

15.     The accused products include at least the following models and/or systems: Kevo Smart Lock with Kevo app.  The accused products and methods infringe at least claims 1 and/or 12 of the 503 patent.

16.     Kwikset and Spectrum manufacture and sell door locks and hardware, including electronic access systems such as the Kevo.

17.     The Kevo contains hardware and/or software components provided by UniKey that allow the use of a mobile phone to interact with the lock.

18.     The Kevo is advertised as "powered by UniKey."

19.     UniKey also develops and maintains the Kevo app for use with the Kevo through a contractual relationship with Kwikset and Spectrum.

20.     The Kevo app is available for use on mobile devices and is available for download via the Apple App Store and via Google Play.

21.     UniKey also developed and maintains the website www.unikey.com, which advertises and solicits business for the Kwikset Kevo, including a "Buy Now" feature, by which a visitor to the UniKey website can access a site to purchase the Kevo online.

22.     Defendants have also indirectly infringed the 503 patent by inducing others to directly infringe the 503 patent.

23.     Defendants have induced end-users to directly infringe (literally and/or under the doctrine of equivalents) the 503 patent by using the accused products.  Defendants took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 503 patent.  Such steps by Defendants included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.  This induces end-users to use the accused products in a manner that infringes the 503 patent.  Defendants' inducement is ongoing.

24.     Defendants have also indirectly infringed by contributing to the infringement of the 503 patent.

25.     Defendants have contributed to the direct infringement (literally and/or under the doctrine of equivalents) of the 503 patent by end-users of the accused products.  The accused

products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 503 patent.  The special features include user-editable access codes to be stored in an electronic key device and transmitted to a corresponding lock, and locks which receive the access code(s) and operate a lock mechanism, in a manner that infringes the 503 patent.  The special features constitute a material part of the invention of one or more of the claims of the 503 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendants' contributory infringement is ongoing.

26.    Defendants knew of the 503 patent before the filing of this action.

27.    Defendants have cited the 503 patent as invalidating prior art in multiple petitions for *inter partes* review that they brought before the filing of this action.

28.    Defendants also have knowledge of the 503 patent at least as of the date when they were notified of the filing of this action.

29.    Defendants' actions have been at least objectively reckless as to the risk of infringing a valid patent, and this objective risk was either known or should have been known by Defendants.

30.    Defendants' direct and indirect infringement of the 503 patent is, has been, and continues to be subjectively willful, intentional, knowing, and/or in conscious disregard of Smart Lock's rights under the patent.

31.    Smart Lock has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Smart Lock in an amount that adequately compensates Smart Lock for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32.     Smart Lock and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Smart Lock hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Smart Lock requests that the Court find in its favor and against Defendants and that the Court grant Smart Lock the following relief:

a.      Judgment that one or more claims of the 503 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or all others acting in concert therewith;

b.      Judgment that Defendants account for and pay to Smart Lock all damages to and costs incurred by Smart Lock because of Defendants' infringing activities and other conduct complained of herein, including an award of all increased damages to which Smart Lock is entitled under 35 U.S.C. § 284;

c.      A permanent injunction enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the 503 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the 503 patent by such entities;

d.      Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e.      A declaration by the Court that this is an exceptional case and an award to Smart Lock of its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.      Other and further relief as the Court may deem just and proper under the

circumstances.

Dated: June 30, 2016                          Respectfully submitted,

                                              */s/ Larry D. Thompson, Jr.*
                                              Larry D. Thompson, Jr. (lead attorney)
                                              Texas Bar No. 24051428
                                              larry@ahtlawfirm.com
                                              Matthew J. Antonelli
                                              Texas Bar No. 24068432
                                              matt@ahtlawfirm.com
                                              Zachariah S. Harrington
                                              Texas Bar No. 24057886
                                              zac@ahtlawfirm.com
                                              ANTONELLI, HARRINGTON
                                              & THOMPSON LLP
                                              4306 Yoakum Blvd., Ste. 450
                                              Houston, TX 77006
                                              (713) 581-3000
                                              (713) 581-3020 fax

                                              Stafford Davis
                                              State Bar No. 24054605
                                              THE STAFFORD DAVIS FIRM, PC
                                              102 North College Ave, 13th Floor
                                              Tyler, Texas 75702
                                              (903) 593-7000
                                              (903) 705-7369 fax
                                              sdavis@stafforddavisfirm.com

                                              *Attorneys for Smart Lock, LLC*